IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

FILED BY ___ ___ D.C.

05 JUN 30 PM 3:18

ROBERT R. DI TROLIO
CLERK OF U.S. DIST. CT
W.D. OF TN.-JACKSON

JAMES ANDERS,

       Plaintiff,

vs.

CARROLL COUNTY COURTS,

       Defendant.

No. 04-1319-T/An

---

ORDER ASSESSING FILING FEE
ORDER DENYING MOTION TO RESCIND ENHANCEMENT
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER ASSESSING APPELLATE FILING FEE

---

Plaintiff, James Anders, an inmate at the Deberry Special Needs Facility (DSNF), in Nashville, Tennessee filed this complaint under 42 U.S.C. § 1983 in the United States District Court for the Eastern District of Tennessee at Greenville. United States District Judge Thomas Hull transferred the complaint to this district court pursuant to 28 U.S.C. § 1406(a). The Clerk shall file the case and record the defendant as the State of Tennessee.[1]

I.    Assessment of Filing Fee

Under the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915(b), all prisoners bringing a civil action must pay the full filing fee of $150 required by 28 U.S.C. § 1914(a). The in forma pauperis statute, 28 U.S.C. § 1915(a) merely provides the prisoner

---

[1]    The complaint names "the Carroll County Courts in Huntingdon, Tenn." as defendant. Plaintiff seeks to attack a judgment entered by the Carroll County Circuit Court. The entity known as the Carroll County Circuit Court is, in fact the Circuit Court for the Twenty-fourth Judicial District at Huntingdon, and it operates pursuant to state law. See Tenn. Code Ann. § 16-1-101 ("The judicial power of the state is vested in judges of the courts of general sessions, recorders of certain towns and cities, circuit courts, criminal courts, common law and chancery courts, chancery courts, court of appeals, and the supreme court, and other courts created by law."). Plaintiff apparently realized his mistake and on May 2, 2005, filed a motion to rescind enhancement which names the State of Tennessee as defendant. Accordingly, the proper defendant is the State of Tennessee. The Clerk shall delete all reference to Carroll County Courts as a defendant.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on __6/30/05__

the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, plaintiff has submitted both an <u>in forma pauperis</u> affidavit and a prison trust fund account statement. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $150.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 262 Federal Building, 111 S. Highland Ave., Jackson, TN 38301

and shall clearly identify plaintiff's name and the case number on the first page of this order.

If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined he shall provide the officials at the new prison with a copy of this order.

If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison.

The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). The Clerk shall not issue process or serve any papers in this case.

II.    Analysis of Claims

Plaintiff sues the State of Tennessee alleging that, in his absence and without notice, his original judgment of conviction, which found him to be a Range I standard offender, with a release eligibility date of 30%, was amended, and the amended judgment provided for a sentence as a violent offender, with a release eligibility date of 100%. Anders contends that his constitutional rights were violated because the amended judgment took away the possibility of parole. He seeks an order directing the state "court to let [his] original final judgment stand." Plaintiff supplemented his complaint with a motion to rescind enhancement, in which he contends that the Supreme Court's decision in Blakely v. Washington, 124 S. Ct. 2531 (2004) requires the restoration of his original sentence and entitles him to release.

Anders was convicted of rape following a jury trial in the Circuit Court of Carroll County. He was sentenced by the trial court as a range I standard offender to ten years imprisonment, with a release eligibility date of thirty percent. Anders appealed his conviction. On direct appeal, the Tennessee Court of Criminal Appeals affirmed his conviction. The Court of Criminal Appeals noted, however, that despite the trial judge stating twice during sentencing that Anders would be required to serve his entire sentence, the judgment sheet indicated a release eligibility of thirty percent. The Court of Criminal Appeals stated:

> An offender who commits rape on or after July 1, 1995, "shall serve one hundred percent (100%) of the sentence imposed by the court less sentence credits earned and retained." Tenn. Code Ann. § 40-35-501(I)(1),(2)(G). Because the trial judge was aware of the correct release eligibility, we need not remand for resentencing. We modify the sentence below to comport with the above cited statute.

State v. Anders, 1999 WL 157395 (Mar. 24, 1999)(citations omitted), perm app. denied, (Tenn. Sept. 20, 1999). The Court of Appeals remanded the case to the trial court for entry of a judgment consistent with its opinion. Id. No reported cases can be found which demonstrate that plaintiff filed a post-conviction petition.

Plaintiff has no claim under 42 U.S.C. § 1983 arising out of his confinement.

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  See also Schilling v. White, 58 F.3d 1081, 1086 (1995)(footnotes omitted).  Thus a prisoner has no cause of action under § 1983 if the claims in that action hinge on factual proof that would call into question the validity of a state court order directing his confinement unless and until any conviction is set aside or the confinement is declared illegal. Heck, 512 U.S. at 481-82; Schilling, 58 F.3d at 1086. Cf. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)(whenever the relief sought is release from prison, the only remedy is through a habeas petition, not a § 1983 complaint).

Here, Heck applies to bar plaintiff's claims arising from his confinement. As plaintiff has been convicted of rape, he must have the conviction overturned on direct appeal or via collateral attack before any claims can accrue.

Furthermore, plaintiff cannot complain about state court decisions in a collateral proceeding in federal court.  This would amount to obtaining review in this Court of the decision of a Tennessee court. Any claim or defense arising from the manner in which those proceedings were litigated should have been presented in that forum.

> United States district courts . . . do not have jurisdiction[]over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.  Review of those decisions may be had only in this [the United States Supreme] Court. 28 U.S.C. § 1257.

District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-83, 486 (1983).  See also Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923)(federal district courts  lack jurisdiction to review or modify a judgment of a state's highest court).  In short, "[l]ower federal courts possess no power whatever to sit in direct review of state court decisions." Cleveland Surgi-Center v. Jones, 2 F.3d 686, 691 (6th Cir. 1993).  Similarly,

> federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties.  Clark v. Washington, 366 F.2d 678 (9th Cir. 1966); Campbell v. Washington State Bar Ass'n, 263 F. Supp. 991 (W.D. Wash. 1967).

Haggard v. State of Tennessee, 421 F.2d 1384, 1386 (6th Cir. 1970).

Insofar as the complaint could be construed as seeking some type of injunction against a state court, the Anti-Injunction Act specifically prohibits this Court from issuing such an injunction. "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Thus, this Court either lacks jurisdiction or must abstain from exercising any jurisdiction over plaintiff's claim for relief from the state judgment.

The Court expressly declines to address the complaint as a habeas petition and DENIES Anders' motion to rescind enhancement, because Anders does not demonstrate that he has exhausted his state remedies. A habeas petitioner must first exhaust available state remedies before requesting relief under § 2254. See, e.g., Granberry v. Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982). See also Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. A petitioner has failed to exhaust his available state remedies if he has the opportunity to raise his claim by any available state procedure. Preiser, 411 U.S. at 477, 489-90. Moreover, to exhaust these state remedies, the applicant must have presented the very issue on which he seeks relief from the federal courts to the courts of the state that he claims is wrongfully confining him. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).

Accordingly, as this complaint fails to state a claim upon which relief may be granted and presents claims which are devoid of jurisdiction, it is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii).

II. Appeal Issues

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

6

The good faith standard is an objective one. <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. <u>Id.</u> Accordingly, it would be inconsistent for a district court to determine that a complaint is too frivolous to be served, yet has sufficient merit to support an appeal <u>in forma pauperis</u>. <u>See</u> <u>Williams v. Kullman</u>, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case as devoid of jurisdiction and for failure to state a claim also compel the conclusion that an appeal would be frivolous.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith and plaintiff may not proceed on appeal <u>in forma pauperis</u>.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case. The United States Court of Appeals for the Sixth Circuit has held that a certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). <u>McGore v. Wrigglesworth</u>, 114 F.3d 601, 610-11 (6th Cir. 1997). <u>McGore</u> sets out specific procedures for implementing the PLRA. Therefore, the plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in <u>McGore</u> and § 1915(b).

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by this plaintiff, this is the first dismissal in this district of one of his cases for failure to state a claim and as devoid of jurisdiction.

IT IS SO ORDERED this ___30th___ day of June, 2005.

JAMES D. TODD
UNITED STATES DISTRICT JUDGE

7

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 5 in
case 1:04-CV-01319 was distributed by fax, mail, or direct printing on
June 30, 2005 to the parties listed.

James Anders
Lois Deberry Special Needs Facility, Unit 4-A 102-D
#286312
7575 Cockrill Bend Industrial Rd.
Nashville, TN 37243

Honorable James Todd
US DISTRICT COURT